UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jason R. Ripley, | Civil No. 07-2305 (JRT/FLN) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| Travis Correll, Joseph T. Dixon, and Rachel K Paulose, | |
| Defendants. | |

*Pro se* Plaintiff.
Lawrence D. Kudej for Defendants.

**THIS MATTER** came before the undersigned United States Magistrate Judge on September 7, 2007, on the Federal Defendants Joseph T. Dixon and Rachel K. Paulose's Motion to Dismiss [#4]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Federal Defendants motion be granted.

**I.   FINDINGS OF FACT**

On May 15, 2007, Plaintiff filed a Petition for Writ of Prohibition and for Declaratory and Injunctive Relief [#1]. Plaintiff's Petition relates to a possible indictment for his alleged involvement in an alleged ponzi scheme. In his Petition, Plaintiff states six causes of action that his petition is based upon:

FIRST CAUSE OF ACTION
Extortionate Plea Bargain(s)
41. Plaintiff seeks a ruling that "the practice of threatening a man in the indictment of his wife is unconstitutional."
42. The Government Defendants plan to coerce Plaintiff into pleading guilty to the charges contained in a forthcoming criminal indictment, "[a] coerced

guilty plea violates the defendant's right and is not consistent with due process."

## SECOND CAUSE OF ACTION
### Failure to Follow Federal Rule of Criminal Procedure 6(b)(1)

43. As a remedy, Plaintiff seeks an order compelling the Government Defendants to provide him with "a ballot or concurrence from with the names of those who vote to indictment him."
44. The practice in the District of Minnesota of not recording the names of grand jurors prevents the Plaintiff from challenging the grand jury array under Federal Rule of Civil Procedure 6(b)(1).

## THIRD CAUSE OF ACTION
### Illegal Splitting of Offenses

45. Plaintiff seeks an order "prohibiting the 'stacking' of bogus charges (multiplicity)" on his forthcoming indictment.
46. The Government Defendants engage in the "splitting of offenses ... in order to make a defendant think he committed more than one crime in order to induce a guilty plea.

## FOURTH CAUSE OF ACTION
### Obstruction of Justice

47. Plaintiff requests an order prohibiting the place of overt acts not in furtherance of any conspiracy on his forthcoming indictment.
48. The Government Defendants engage in the "listing of overt acts in part of a conspiracy charge that have absolutely nothing to do with acts in furtherance of a conspiracy . . . to confuse and mislead the jury into thinking that the defendant "did all this, he must be guilty of something." Plaintiff recognizes that he can seeks a Bill of Particulars to determine how each charged overt acts furthers the conspiracy. Nonetheless, he asserts that, "since the granting of a bill of particulars is within the discretion of the trial judge, such motions are rarely granted."

## FIFTH CAUSE OF ACTION
### Failure to Honor the Original Intent of Indictment by Grand Jury

50. Plaintiff alleges that "the idea that a government attorney could conduct grand jury proceedings resulted from Congress amending the Fifth Amendment via ordinary legislation."

## SIXTH CAUSE OF ACTION
### Bribing Witnesses for Testimony

51. The practice of "bribing witnesses with lighter sentences in exchange for their testimony" is contrary to the original intent of the Sixth Amendment to the United States Constitution. Congress has unlawfully amended the United

>States Constitution by enacting legislation which permits the testimony of witnesses who have engaged in such exchanges.

(Pet., p.10-11 (mistakes in original).)  At the time of hearing, Plaintiff had not been indicted on any charges.

## II.     STANDARD OF REVIEW

Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.  *See Marine Equipment Management Co. v. U.S.*, 4 F.3d 643, 646 (8th Cir. 1993), citing *Bender v. Williamsport Area High School Dist.*, 475 U.S. 534, 541 (1986).  A federal court has a duty to inquire whether the vital prerequisite of subject matter jurisdiction has been satisfied.  *See Bradley v. American Postal Workers Union, AFL-CIO*, 962 F.2d 800, 802 n.3 (8th Cir. 1992).  When it appears the court lacks jurisdiction, jurisdiction may not be waived.  *See Agrashell Inc. v. Hammons Products Co.*, 352 F.2d 443, 447 (8th Cir. 1965).  The Plaintiff bears the burden of establishing that subject matter jurisdiction is appropriate.  *V.S. Ltd. P'ship v. Dep't of Hous. and Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

Federal courts are limited to adjudicating actual, ongoing cases and controversies.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  "'A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'"  *KCCP Trust v. City of North Kansas City*, 432 F.3d 897, 899 (8th Cir. 2005) (quoting *Texas v. United States*, 523 U.S. 296 (1998)).

## III.    LEGAL ANALYSIS

All of Plaintiff's causes of action are contingent upon his future indictment. Plaintiff's six causes of action are nearly identical to the six claims pursued in another case before this Court, *Midkiff v. Paulose*, Civil No. 06-1474 (JNE/SRN). In *Midkiff*, the District Court Judge adopted the Report and Recommendation of the Magistrate Judge and dismissed the complaint as not ripe for adjudication because all of his claims were based upon an alleged future indictment. *Midkiff v. Paulose*, Civil No. 06-1474 (JNE/SRN), 2006 WL 3804334, at *8 (D. Minn. 2006). At the hearing, Plaintiff pointed out that Midkiff was eventually indicted, which supports his claim that his indictment is not a contingency, but rather a certainty. The Federal Defendants argued that indictment of the Plaintiff is not a certainty until and unless his is actually indicted. The Court agrees with the Defendants and does not share Plaintiff's view that his indictment is a certainty. Therefore, Plaintiff's claim is not ripe for adjudication because "it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *KCCP Trust*, 432 F.3d at 899.

## IV.   RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Federal Defendants Joseph T. Dixon and Rachel K. Paulose's Motion to Dismiss [#4] be **GRANTED**.

DATED: October 15, 2007                                s/ Franklin L. Noel
                                                                               FRANKLIN L. NOEL
                                                                               United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **November 1, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which

objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **November 1, 2007** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.