# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JASON R. RIPLEY, | Civil No. 07-2305 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| TRAVIS CORRELL, JOSEPH T. DIXON, and RACHEL K. PAULOSE,[1] | |
| Defendants. | |

Jason R. Ripley, 3318 167th Lane NW, Andover, MN 55304, plaintiff *pro se*.

Lawrence D. Kudej, **OFFICE OF THE UNITED STATES ATTORNEY**, 401 1st Street SE, Suite 400, Cedar Rapids, IA 52401-1825; Martha A. Fagg, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 4th Street, Suite 670, Sioux City, IA 51101, for defendants Joseph T. Dixon and Rachel K. Paulose.

This matter is before the Court on plaintiff Jason R. Ripley's objections to a Report and Recommendation issued by United States Magistrate Judge Franklin L. Noel on October 15, 2007.  After a *de novo* review of those objections, *see* 28 U.S.C. § 636(b); Local Rule 72.2(b), the Court adopts the Report and Recommendation for the reasons stated below.

Plaintiff is a private citizen of the state of Minnesota who alleges that he was the victim of a "ponzi" scheme perpetrated by defendant Travis Correll.  Plaintiff alleges that defendants Rachel K. Paulose, the United States Attorney for the District of Minnesota,

---

[1] Plaintiff misspelled the names of defendants Dixon and Paulose in his complaint.

and Joseph T. Dixon, an Assistant United States Attorney for the District of Minnesota, are conducting an investigation into plaintiff's involvement in this scheme. Plaintiff brings six claims against defendants, all alleging that they have conducted themselves inappropriately in grand jury proceedings or in the course of their investigation, or that they intend to issue a flawed indictment.[2] Plaintiff seeks various forms of injunctive relief, including declarations that several of defendants' investigatory tactics are unconstitutional, and preemptive limitations on what can be included in any future indictment. Plaintiff does not dispute that he has not been indicted.

Defendants Dixon and Paulose filed a motion to dismiss plaintiff's action on multiple grounds, arguing in part that this case is not yet ripe for adjudication. The Magistrate Judge agreed, noting that all of plaintiff's causes of action are contingent upon him being indicted. *See KCCP Trust v. City of N. Kansas City*, 432 F.3d 897, 899 (8th Cir. 2005) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (quotation omitted). The Magistrate Judge also noted that this Court reached the same result in a recent case involving nearly identical claims. *See Midkiff v. Paulose*, No. 06-1474, 2006 WL 3804334, at *5-7 (D. Minn. Dec. 26, 2006).

---

[2] Specifically, plaintiff alleges that defendants (1) engaged in "extortionate plea bargaining" by threatening to indict his wife; (2) improperly failed to record the names of the grand jurors considering charges against him; (3) intend to improperly "split" his offenses in his indictment "in order to make a defendant think he committed more than one crime;" (4) intend to improperly include acts in his indictment that did not further a conspiracy; (5) violated the Fifth Amendment by handling his grand jury proceedings, because "the idea that a government attorney could conduct grand jury proceedings resulted from Congress amending the Fifth Amendment via ordinary legislation;" and (6) violated the Sixth Amendment by offering witnesses lighter sentences in exchange for testimony, arguing that "Congress has unlawfully amended the United States Constitution by enacting legislation which permits the testimony of witnesses who have engaged in such exchanges."

Plaintiff objects to the Magistrate Judge's recommendation, arguing that his case should be considered ripe because his indictment is a "certainty." Plaintiff contends that this is evident from a letter he received from the Government "naming the *statute numbers* that [plaintiff] will be indicted on." Memorandum of Law in Support of Plaintiff's Opposition to Magistrate's Report and Recommendation, at 2. Plaintiff also notes that courts considering ripeness are to evaluate the "hardship to the parties of withholding court consideration." *KCCP Trust*, 432 F.3d at 899-900. Plaintiff contends that he has suffered enough hardship from the threat of indictment to tip the scales in favor of hearing his case now, relying on the Eighth Circuit's decision in *S.D. Mining Ass'n, Inc. v. Lawrence County*, 155 F.3d 1005, 1008-09 (8th Cir 1998).

The Court does not agree. As an initial matter, the letter cited by plaintiff does not state that he will be indicted. This letter was sent by the Internal Revenue Service to inform plaintiff that he "may" have an ownership interest in property subject to forfeiture. Memorandum of Law in Support of Plaintiff's Objections to Defendants' Motion to Dismiss, Exhibit A. The letter states that the property was involved in a transaction that violated two federal statutes, and explains the procedures for contesting the forfeiture. However, the letter does not identify *who* allegedly violated the enumerated statutes, and is not a guarantee that plaintiff will be subject to criminal charges.

In addition, the Court does not agree that the hardship arising from the threat of indictment justifies hearing his claims now. The circumstances of *S.D. Mining Ass'n, Inc. v. Lawrence County*, 155 F.3d 1005, 1008-09 (8th Cir 1998), are readily distinguishable. There, a plaintiff sought to challenge a county ordinance that flatly

prohibited the issuance of any new surface metal mining permits.  *Id*.  "Because applying for and being denied a county permit . . . would be an exercise in futility," the Eighth Circuit did not require the plaintiff to do so before hearing its claims.  *Id*.  As the Eighth Circuit later explained in *KCCP Trust*, "[t]he offending ordinance *existed* and threatened plaintiffs though unenforced."  432 F.3d at 900 (emphasis added).  Here, the offending indictment does not yet exist, and indeed may never exist.  Until it is issued, this case merely presents an abstract question about the validity of a hypothetical indictment.  That is precisely the sort of inquiry that the ripeness doctrine is designed to prevent.  *See Citizens for Equal Protection v. Bruning*, 455 F.3d 859, 863 (8th Cir. 2006) ("The ripeness doctrine is aimed at preventing federal courts, through premature adjudication, from entangling themselves in abstract disagreements.") (quotation omitted); *In re Stanford*, 68 F. Supp. 2d 1352, 1359-60 (N.D. Ga. 1999) ("Only when the grand jury returns an indictment will the parties and this Court know [the] facts and circumstances on which the prosecution is based.").

Moreover, as plaintiff correctly points out, the dismissal of his case should be without prejudice.[3]  *See Koscielski v. City of Minneapolis*, 435 F.3d 898, 903-04 (8th Cir. 2006) (noting that where a claim is not ripe for review it should be dismissed without prejudice).  This means that if plaintiff is ultimately indicted he will be free to re-file this action.  In other words, plaintiff's only hardship arises from having to wait until his indictment is actually issued before seeking its dismissal.  The Court does not agree that this hardship is significant enough to merit early consideration of plaintiff's allegations.

---

[3] The Magistrate Judge did not specify whether plaintiff's claims should be dismissed with or without prejudice.

*Cf. In re Stanford*, 68 F. Supp. 2d at 1359-60 (dismissing a complaint on ripeness grounds where plaintiffs had failed to show "that the mere threat of indictment [had] subjected them to unique hardships not suffered by every grand jury target"). Accordingly, the Court adopts the recommendation of the Magistrate Judge, and plaintiff's claims against defendants Paulose and Dixon are dismissed without prejudice.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 25] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated October 15, 2007 [Docket No. 23].  **IT IS HEREBY ORDERED** that:

1.     Defendants Dixon and Paulose's Motion to Dismiss [Docket No. 4] is **GRANTED**.

2.     Plaintiff's claims against defendants Dixon and Paulose are **DISMISSED WITHOUT PREJUDICE**.


DATED:    March 27, 2008                          _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                                    JOHN R. TUNHEIM
                                                          United States District Judge